UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC.<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>INTEL CORPORATION<br><br>                    Defendant. | Civil Action No.   1:13-cv-11570-RGS |

## ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Intel Corporation ("Intel") submits this Answer to the Second Amended Complaint ("Complaint") filed by Plaintiff Zond, Inc. ("Zond" or "Plaintiff") and submits its Counterclaims.  To the extent not specifically admitted below, Intel denies the allegations of the Complaint.

Intel admits that Zond accuses Intel of infringing U.S. Patent Nos. 6,853,142 (the "'142 patent"), 6,806,652 (the "'652 patent"), 7,604,716 (the "'716 patent"), 7,147,759 (the "'759 patent"), 7,811,421 (the "'421 patent"), 6,805,779 (the "'779 patent"), and 7,808,184 (the "'184 patent") (collectively, the "patents-in-suit") and that Zond seeks various relief from the Court. Intel denies that it has infringed any of the patents-in-suit and denies that Zond is entitled to the requested relief or to any relief whatsoever.

### The Parties[1]

1.     Intel lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1, and therefore denies the same.

2.     Intel admits that it is a Delaware corporation with a principal place of business at

---

[1]     For convenience and clarity, Intel's Answer utilizes the same headings as in Zond's Second Amended Complaint.  Intel does not admit any of the allegations contained in Zond's headings.

2200 Mission College Boulevard, Santa Clara, CA 95054.

**Jurisdiction and Venue**

3.      No answer is required to the allegations in Paragraph 3, which merely consist of conclusions of law.  To the extent that any answer is required, Intel denies infringement of any United States patent and denies all remaining allegations in Paragraph 3.

4.      No answer is required to the allegations in Paragraph 4, which merely consist of conclusions of law.  To the extent an answer is required, Intel admits that it conducts business in Massachusetts, and denies that it has committed any acts of infringement in this or any other District.

5.      No answer is required to the allegations in Paragraph 5, which merely consist of conclusions of law.

**The Seven (7) Patents-in-Suit**

6.      Intel admits that an uncertified copy of what purports to be the '142 patent is attached to the Complaint as Exhibit A and that it is entitled "Methods and Apparatus for Generating High-Density Plasma."  Intel denies that the '142 patent was lawfully and duly issued.  Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 6, and therefore denies the same.

7.      Intel admits that an uncertified copy of what purports to be the '652 patent is attached to the Complaint as Exhibit B and that it is entitled "High-Density Plasma Source Using Excited Atoms."  Intel denies that the '652 patent was lawfully and duly issued.  Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 7, and therefore denies the same.

8.      Intel admits that an uncertified copy of what purports to be the '716 patent is

attached to the Complaint as Exhibit C and that it is entitled "Methods and Apparatus for Generating High-Density Plasma." Intel denies that the '716 patent was lawfully and duly issued. Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 8, and therefore denies the same.

9.     Intel admits that an uncertified copy of what purports to be the '759 patent is attached to the Complaint as Exhibit D and that it is entitled "High-Power Pulsed Magnetron Sputtering." Intel denies that the '759 patent was lawfully and duly issued. Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9, and therefore denies the same.

10.     Intel admits that an uncertified copy of what purports to be the '421 patent is attached to the Complaint as Exhibit E and that it is entitled "High Deposition Rate Sputtering." Intel denies that the '421 patent was lawfully and duly issued. Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 10, and therefore denies the same.

11.     Intel admits that an uncertified copy of what purports to be the '779 patent is attached to the Complaint as Exhibit F and that it is entitled "Plasma Generation Using Multi-Step Ionization." Intel denies that the '779 patent was lawfully and duly issued. Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 11, and therefore denies the same.

12.     Intel admits that an uncertified copy of what purports to be the '184 patent is attached to the Complaint as Exhibit G and that it is entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities." Intel denies that the '184 patent was lawfully and duly issued. Intel lacks knowledge or information sufficient to admit or

deny the remaining allegations contained in Paragraph 12, and therefore denies the same.

## Factual Background

13.     Intel admits that Roman Chistyakov is a named inventor on the patents-in-suit. Intel denies that the patents-in-suit are directed to the generation, use and/or application of a unique plasma discharge technology that employs a strongly ionized plasma of commercial significance and has wide-ranging applicability in various industries.  Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 13, and therefore denies the same.

14.     Intel lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14, and therefore denies the same.

15.     Intel lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15, and therefore denies the same.

16.     Intel lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16, and therefore denies the same.

17.     Intel lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17, and therefore denies the same.

18.     Intel admits that it designs and manufactures integrated circuits.  Intel further admits that its integrated circuits are used in a wide range of applications, such as PCs, servers, tablets, smartphones, automobiles, automated factory systems, and medical devices.  Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 18, and therefore denies the same.

19.     Intel admits that it uses Complimentary Metal-Oxide Semiconductor ("CMOS") technology.  Intel further admits that CMOS technology is one of many technologies that it uses

to manufacture semiconductors.  Intel further admits that advances in semiconductor processing allow Intel to manufacture smaller and smaller transistors resulting in higher transistor density. Intel denies the remaining allegations contained in Paragraph 19.

20.     Intel admits that in integrated circuit manufacturing it continues to use technologies that use smaller and smaller features.  Intel further admits that its smallest manufacturing nodes in commercial products are currently 32nm and 22nm and a move to the first processors using 14nm technology is expected.  Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 20, and therefore denies the same.

21.     Intel denies the allegations contained in Paragraph 21.

22.     Intel admits that it manufactures microprocessors with copper interconnects, and denies all remaining allegations contained in Paragraph 22.

23.     Intel admits that it uses magnetron sputtering in the manufacture of microprocessors, and denies all remaining allegations contained in Paragraph 23.

24.     Intel denies the allegations contained in Paragraph 24.

25.     Intel denies the allegations contained in Paragraph 25.

26.     Intel denies the allegations contained in Paragraph 26.

27.     Intel denies the allegations contained in Paragraph 27.

28.     Intel admits that it uses magnetron sputtering to form metal interconnects, and denies all remaining allegations contained in Paragraph 28.

29.     Intel admits that it uses magnetron sputtering to deposit metal films used to form transistors, and denies all remaining allegations contained in Paragraph 29.

30.     Intel denies the allegations contained in the first and third sentences of Paragraph

30.   Intel admits that it has attended and participated in industry conferences including 2007 SEMICON WEST.   Intel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 30, and therefore denies the same.

31.   Intel admits that it first became aware of the Zond patents-in-suit when Zond filed and served its original complaint on July 2, 2013 on Intel in this case.   Intel denies all remaining allegations contained in Paragraph 31.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '142 Patent)**

32.   Intel incorporates its responses to Paragraphs 1 through 31 as if set forth herein in full.

33.   Intel denies the allegations in Paragraph 33.

34.   Intel denies the allegations in Paragraph 34.   Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.   *See* Dkt. No. 70.

35.   Intel denies the allegations in Paragraph 35.   Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.   *See* Dkt. No. 70.

36.   Intel denies the allegations in Paragraph 36.

37.   Intel denies the allegations in Paragraph 37.

38.   Intel denies the allegations in Paragraph 38.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '652 Patent)**

39.   Intel incorporates its responses to Paragraphs 1 through 38 as if set forth herein in full.

40.   Intel denies the allegations in Paragraph 40.

41.     Intel denies the allegations in Paragraph 41.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

42.     Intel denies the allegations in Paragraph 42.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 70.

43.     Intel denies the allegations in Paragraph 43.

44.     Intel denies the allegations in Paragraph 44.

45.     Intel denies the allegations in Paragraph 45.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '716 Patent)

46.     Intel incorporates its responses to Paragraphs 1 through 45 as if set forth herein in full.

47.     Intel denies the allegations in Paragraph 47.

48.     Intel denies the allegations in Paragraph 48.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

49.     Intel denies the allegations in Paragraph 49.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 70.

50.     Intel denies the allegations in Paragraph 50.

51.     Intel denies the allegations in Paragraph 51.

52.     Intel denies the allegations in Paragraph 52.

### FOURTH CLAIM FOR RELIEF
### (Infringement of the '759 Patent)

53.     Intel incorporates its responses to Paragraphs 1 through 52 as if set forth herein in full.

54.     Intel denies the allegations in Paragraph 54.

55.     Intel denies the allegations in Paragraph 55.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

56.     Intel denies the allegations in Paragraph 56.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 70.

57.     Intel denies the allegations in Paragraph 57.

58.     Intel denies the allegations in Paragraph 58.

59.     Intel denies the allegations in Paragraph 59.

### FIFTH CLAIM FOR RELIEF
### (Infringement of the '421 Patent)

60.     Intel incorporates its responses to Paragraphs 1 through 59 as if set forth herein in full.

61.     Intel denies the allegations in Paragraph 61.

62.     Intel denies the allegations in Paragraph 62.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

63.     Intel denies the allegations in Paragraph 63.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 63.

64.     Intel denies the allegations in Paragraph 64.

65.     Intel denies the allegations in Paragraph 65.

66.     Intel denies the allegations in Paragraph 66.

**SIXTH CLAIM FOR RELIEF**
**(Infringement of the '779 Patent)**

67.     Intel incorporates its responses to Paragraphs 1 through 66 as if set forth herein in full.

68.     Intel denies the allegations in Paragraph 68.

69.     Intel denies the allegations in Paragraph 69.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

70.     Intel denies the allegations in Paragraph 70.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 70.

71.     Intel denies the allegations in Paragraph 71.

72.     Intel denies the allegations in Paragraph 72.

73.     Intel denies the allegations in Paragraph 73.

**SEVENTH CLAIM FOR RELIEF**
**(Infringement of the '184 Patent)**

74.     Intel incorporates its responses to Paragraphs 1 through 73 as if set forth herein in full.

75.     Intel denies the allegations in Paragraph 75.

76.     Intel denies the allegations in Paragraph 76.  Further answering, Intel states that pursuant to this Court's Order on January 31, 2014, this claim has been dismissed in part.  *See* Dkt. No. 70.

77.     Intel denies the allegations in Paragraph 77.  Further answering, Intel states that

pursuant to this Court's Order on January 31, 2014, this claim has been dismissed.  *See* Dkt. No. 70.

        78.      Intel denies the allegations in Paragraph 78.

        79.      Intel denies the allegations in Paragraph 79.

        80.      Intel denies the allegations in Paragraph 80.

## PRAYER FOR RELIEF

Zond's prayer for relief contains no allegation to which a response is required, but to the extent any answer is required, Intel denies that Zond is entitled to the requested relief or to any relief whatsoever.

## JURY DEMAND

Intel demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Intel does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  For its Affirmative Defenses to the Complaint, Intel alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement – No Direct Infringement)

        1.      Intel does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of any of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement – No Indirect Infringement)

        2.      Intel does not indirectly infringe and has not indirectly infringed, by inducing infringement of any valid and enforceable claim of any of the patents-in-suit.  Zond's allegations related to indirect infringement under the theory of inducement are also deficient because they fail to identify, *inter alia*, (1) any direct infringer, (2) any accused instrumentality that is the

basis for a direct infringement allegation, or (3) any information concerning Intel's knowledge or intent with respect to any direct infringement. Zond's allegations related to indirect infringement also fail under § 271(g).

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.      Each of the claims of the patents-in-suit is invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

## FOURTH AFFIRMATIVE DEFENSE
### (Unenforceability)

4.      Each of the patents-in-suit is unenforceable against Intel because of one or more applicable equitable doctrines, such as laches, acquiescence, estoppel, collateral estoppel, waiver, patent misuse, or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

5.      Intel has not willfully infringed and is not willfully infringing the patents-in-suit. The Court dismissed Zond's claims of willful infringement in its Order on Intel's motion to dismiss dated January 31, 2014. *See* Dkt. No. 70.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

6.      Zond has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

7.      Zond is barred in whole or in part for recovering damages for any alleged infringement of the patents-in-suit for failing to provide notice of the patents-in-suit pursuant to 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

8.      By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, Zond is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of Defendants under the Doctrine of Equivalents.

### NINTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

9.      Zond's right to seek damages is limited, including without limitation by 35 U.S.C. § 286.

### TENTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

10.      This is not an "exceptional" case within the meaning of 35 U.S.C. § 285.

### COUNTERCLAIMS

Counterclaim-plaintiff Intel alleges as follows:

1.      These are counterclaims for declarations of non-infringement and invalidity of each of the claims of the patents-in-suit.

### THE PARTIES

2.      Counterclaim-plaintiff Intel is a Delaware corporation with a principal place of business at 2200 Mission College Boulevard, Santa Clara, California 95054.

3.      On information and belief, according to the allegations in Paragraph 1, Counterclaim-defendant Zond, Inc. is a Delaware corporation with its principal place of business at 137A High Street, Mansfield, MA 02048.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331, 1338, and 2201.

5.     Zond has subjected itself to personal jurisdiction by filing a complaint for patent infringement against Intel in this District.

6.     To the extent venue is proper in this District as to the Complaint pursuant to 28 U.S.C. § 1391, it is also proper as to these counterclaims.

7.     An actual, immediate and justiciable case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in suit, and that controversy is ripe for adjudication by this Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '142 Patent)

8.     Intel incorporates and realleges Paragraphs 1 through 7 of this Counterclaim.

9.     Zond claims that Intel infringes the '142 patent, and claims that the '142 patent is valid and enforceable.  Intel denies that the '142 patent is infringed by Intel, and denies that the '142 patent is valid or enforceable.

10.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '142 patent.

11.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '142 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '142 Patent)

12.     Intel incorporates and realleges Paragraphs 1 through 11 of this Counterclaim.

13.     Zond claims that Intel infringes the '142 patent, and claims that the '142 patent is

valid and enforceable. Intel denies that the '142 patent is infringed by Intel, and denies that the '142 patent is valid or enforceable.

14.     Each claim of the '142 patent is invalid for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

15.     Intel is entitled to declaratory judgment that the '142 patent is invalid.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '652 Patent)**

16.     Intel incorporates and realleges Paragraphs 1 through 15 of this Counterclaim.

17.     Zond claims that Intel infringes the '652 patent, and claims that the '652 patent is valid and enforceable. Intel denies that the '652 patent is infringed by Intel, and denies that the '652 patent is valid or enforceable.

18.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '652 patent.

19.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '652 patent.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '652 Patent)**

20.     Intel incorporates and realleges Paragraphs 1 through 19 of this Counterclaim.

21.     Zond claims that Intel infringes the '652 patent, and claims that the '652 patent is valid and enforceable. Intel denies that the '652 patent is infringed by Intel, and denies that the '652 patent is valid or enforceable.

22.     Each claim of the '652 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

23.     Intel is entitled to declaratory judgment that the '652 patent is invalid.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '716 Patent)

24.     Intel incorporates and realleges Paragraphs 1 through 23 of this Counterclaim.

25.     Zond claims that Intel infringes the '716 patent, and claims that the '716 patent is valid and enforceable.  Intel denies that the '716 patent is infringed by Intel, and denies that the '716 patent is valid or enforceable.

26.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '716 patent.

27.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '716 patent.

### SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '716 Patent)

28.     Intel incorporates and realleges Paragraphs 1 through 27 of this Counterclaim.

29.     Zond claims that Intel infringes the '716 patent, and claims that the '716 patent is valid and enforceable.  Intel denies that the '716 patent is infringed by Intel, and denies that the '716 patent is valid or enforceable.

30.     Each claim of the '716 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

31.     Intel is entitled to declaratory judgment that the '716 patent is invalid.

### SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '759 Patent)

32.     Intel incorporates and realleges Paragraphs 1 through 31 of this Counterclaim.

33.     Zond claims that Intel infringes the '759 patent, and claims that the '759 patent is valid and enforceable.  Intel denies that the '759 patent is infringed by Intel, and denies that the '759 patent is valid or enforceable.

34.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '759 patent.

35.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '759 patent.

**EIGHTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '759 Patent)**

36.     Intel incorporates and realleges Paragraphs 1 through 35 of this Counterclaim.

37.     Zond claims that Intel infringes the '759 patent, and claims that the '759 patent is valid and enforceable.  Intel denies that the '759 patent is infringed by Intel, and denies that the '759 patent is valid or enforceable.

38.     Each claim of the '759 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

39.     Intel is entitled to declaratory judgment that the '759 patent is invalid.

**NINTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '421 Patent)**

40.     Intel incorporates and realleges Paragraphs 1 through 39 of this Counterclaim.

41.     Zond claims that Intel infringes the '421 patent, and claims that the '421 patent is valid and enforceable.  Intel denies that the '421 patent is infringed by Intel, and denies that the '421 patent is valid or enforceable.

42.     Intel has not directly or indirectly infringed and is not directly or indirectly

infringing any valid claim of the '421 patent.

43.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '421 patent.

### TENTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '421 Patent)

44.     Intel incorporates and realleges Paragraphs 1 through 43 of this Counterclaim.

45.     Zond claims that Intel infringes the '421 patent, and claims that the '421 patent is valid and enforceable.  Intel denies that the '421 patent is infringed by Intel, and denies that the '421 patent is valid or enforceable.

46.     Each claim of the '421 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

47.     Intel is entitled to declaratory judgment that the '421 patent is invalid.

### ELEVENTH COUNTERCLAIM
#### (Declaratory Judgment of Non-Infringement of the '779 Patent)

48.     Intel incorporates and realleges Paragraphs 1 through 47 of this Counterclaim.

49.     Zond claims that Intel infringes the '779 patent, and claims that the '779 patent is valid and enforceable.  Intel denies that the '779 patent is infringed by Intel, and denies that the '779 patent is valid or enforceable.

50.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '779 patent.

51.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '779 patent.

### TWELFTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '779 Patent)

52.     Intel incorporates and realleges Paragraphs 1 through 51 of this Counterclaim.

53.     Zond claims that Intel infringes the '779 patent, and claims that the '779 patent is valid and enforceable.  Intel denies that the '779 patent is infringed by Intel, and denies that the '779 patent is valid or enforceable.

54.     Each claim of the '779 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

55.     Intel is entitled to declaratory judgment that the '779 patent is invalid.

**THIRTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '184 Patent)**

56.     Intel incorporates and realleges Paragraphs 1 through 55 of this Counterclaim.

57.     Zond claims that Intel infringes the '184 patent, and claims that the '184 patent is valid and enforceable.  Intel denies that the '184 patent is infringed by Intel, and denies that the '184 patent is valid or enforceable.

58.     Intel has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '184 patent.

59.     Intel is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '184 patent.

**FOURTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '184 Patent)**

60.     Intel incorporates and realleges Paragraphs 1 through 59 of this Counterclaim.

61.     Zond claims that Intel infringes the '184 patent, and claims that the '184 patent is valid and enforceable.  Intel denies that the '184 patent is infringed by Intel, and denies that the '184 patent is valid or enforceable.

62.     Each claim of the '184 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

63.     Intel is entitled to declaratory judgment that the '184 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Intel requests entry of judgment in its favor and against Zond as follows:

a.      Dismiss Zond's Complaint in its entirety, with prejudice,

b.      Enter judgment in favor of Intel and against Zond,

c.      Enter a judgment and declaration that the '142 Patent and each and every claim thereof are not infringed by Intel,

d.      Enter a judgment and declaration that the '142 Patent and each and every claim thereof are invalid and/or unenforceable,

e.      Enter a judgment and declaration that the '652 Patent and each and every claim thereof are not infringed by Intel,

f.      Enter a judgment and declaration that the '652 Patent and each and every claim thereof are invalid and/or unenforceable,

g.      Enter a judgment and declaration that the '716 Patent and each and every claim thereof are not infringed by Intel,

h.      Enter a judgment and declaration that the '716 Patent and each and every claim thereof are invalid and/or unenforceable,

i.      Enter a judgment and declaration that the '759 Patent and each and every claim thereof are not infringed by Intel,

j.      Enter a judgment and declaration that the '759 Patent and each and every claim thereof are invalid and/or unenforceable,

k.      Enter a judgment and declaration that the '421 Patent and each and every claim thereof are not infringed by Intel,

l.      Enter a judgment and declaration that the '421 Patent and each and every claim thereof are invalid and/or unenforceable,

m.      Enter a judgment and declaration that the '779 Patent and each and every claim thereof are not infringed by Intel,

n.      Enter a judgment and declaration that the '779 Patent and each and every claim thereof are invalid and/or unenforceable,

o.      Enter a judgment and declaration that the '184 Patent and each and every claim thereof are not infringed by Intel,

p.      Enter a judgment and declaration that the '184 Patent and each and every claim thereof are invalid and/or unenforceable,

q.      Award to Intel its costs, expenses, and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

r.      Grant to Intel any such other relief that this Court deems proper.


Dated:  February 14, 2014

/s/ Bryan S. Conley
William F. Lee (BBO # 291960)
Mark G. Matuschak (BBO # 543873)
Stephen M. Muller (BBO # 646699)
Bryan S. Conley (BBO # 666830)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
William.Lee@wilmerhale.com
Mark.Matuschak@wilmerhale.com
Stephen.Muller@wilmerhale.com
Bryan.Conley@wilmerhale.com
Attorneys for Defendant Intel Corporation

## CERTIFICATE OF SERVICE

I, Bryan S. Conley, hereby certify that a true copy of the above document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 14th Day of February, 2014.


/s/ Bryan S. Conley